FILED

1  **KAYE, ROSE & PARTNERS, LLP**
   Anita M. Eilert (SBN 133639)
2  William D. Carey (SBN 204990)
   402 West Broadway, Suite 1300
3  San Diego, CA 92101-3542
   Tel:  (619) 232-6555
4  Fax:  (619) 232-6577

5  Attorneys for Defendant
   ROYAL CARIBBEAN CRUISES, LTD.
6

7

8                    UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

10

11  LUIS A. FIQUARE,                    )  CV09-04784 MRP (AGRx)
                                        )  Case No.
12               Plaintiff,             )
                                        )  **NOTICE OF REMOVAL UNDER**
13       vs.                            )  **9 U.S.C. §201, ET SEQ.**
                                        )
14  ROYAL CARIBBEAN CRUISES, LTD., a    )
    corporation, and DOES 1-30, inclusive )
15                                      )
                                        )
16               Defendants.            )
                                        )
17

18       TO THE CLERK OF THE COURT:

19       PLEASE TAKE NOTICE that defendant Royal Caribbean Cruises, Ltd. hereby

20  removes to this Court the state court action described below.

21       1.    On November 19, 2008, an action was commenced in the Superior Court of

22  the State of California, in and for the County of Los Angeles, entitled Luis W. Fiquare,

23  Plaintiff, vs. Royal Caribbean Cruises, Ltd., et al., Defendants, as case number NC

24  052130, attached hereto as Exhibit "A."

25       2.    The first date upon which defendant Royal Caribbean Cruises, Ltd.

26  received a copy of the said complaint was November 24, 2008 when defendant was

27  served with a copy of the said complaint and a summons from the said state court. A

28  copy of the summons is attached hereto as Exhibit "B."

2009 JUL -2  PM 12: 33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

1    3.    Plaintiff's claims are subject to arbitration pursuant to the Convention on

2  the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201, *et seq.*

3  ("Convention").  Arbitration provisions in contracts to which a foreign national is a

4  party are enforceable in federal court, and pursuant to 9 U.S.C. §205, state court actions

5  involving arbitration agreements under the Convention are removable to federal court at

6  any time before trial.

7    4.    There are no other defendants to join in this Notice of Removal, as

8  defendant Royal Caribbean Cruises, Ltd. is the only named defendant in this matter.

9    5.    Defendant's first amended answer filed in the state court on January 22,

10  2009 is attached hereto as Exhibit "C."

11    WHEREFORE, defendant Royal Caribbean Cruises, Ltd. prays that the above

12  action now pending against it in the Superior Court of California, County of Los

13  Angeles, be removed to this Court.

14  Dated: July 1, 2009              KAYE, ROSE & PARTNERS, LLP

15

16                           By: _____

17                                Anita M. Eilert
                                  William D. Carey
                                  Attorneys for Defendant
18                                ROYAL CARIBBEAN CRUISES, LTD.

19

20

21

22

23

24

25

26

27

28

[L:\FIQUARE\Pleadings\Removal\Ntc of Removal.wpd]              -2-

EXHIBIT A

11/24/2008 18:10 FAX                                                    ☑ 004/013



COPY

| | |
|---|---|
| 1  HOWARD D. SACKS (CA.Bar 41768)<br>Attorney at Law<br>2  839 S. Beacon Street, Suite 839<br>San Pedro, CA 90731<br>3  Attorney for Plaintiff<br>Tel. 310-831-58 CASE MANAGEMENT CONFERENCE<br>SET FOR 8:30 a.m.<br>4<br>5                 APR 2 0 2009<br>6        INDEPARTMENT. | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>NOV 1 9 2008<br><br>John A. Clarke, Executive Officer/Clerk<br>By_____<br>DEPUTY |

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10

11  LUIS A. FIQUARE,              )    NO.
                                  )
12            Plaintiff,          )
                                  )
13        -vs-                    )
                                  )   COMPLAINT FOR DAMAGES FOR
14  ROYAL CARIBBEAN CRUISES       )   PERSONAL INJURIES, MAINTENANCE
    LTD., a corporation, and      )   AND CURE, WAGES AND PENALTIES
15  DOES 1 to 30, inclusive       )   AND DEMAND FOR JURY
                                  )
16            Defendants.         )
                                  )
17  _____)

18          FIRST CAUSE OF ACTION FOR NEGLIGENCE (JONES ACT)

19          BY PLAINTIFF AGAINST DEFENDANTS, AND EACH OF THEM

20      1.  Plaintiff brings this cause of action pursuant to the

21  Jones Act, 46 U.S.C. §688 and alleges on information and belief

22  that at all times herein material, defendants and each of them,

23  were corporations doing business within the county of Los Angeles,

24  state of California.

25      2.  Plaintiff is ignorant of the true names and capacities

26  of defendants sued as DOES herein and therefore sues said defen-

27  dants by such fictitious names.  Plaintiff will ask leave of Court

28  to amend this complaint to allege their true names and capacities

1.

Complaint for Damages for Personal Injuries

11/24/2008 18:10 FAX                                        005/013

1  when the same shall have been ascertained.  Plaintiff alleges that
2  each of the defendants named as DOE herein was in some manner
3  negligent and/or otherwise responsible for the acts and omissions
4  herein alleged and plaintiff will ask leave of Court to amend this
5  complaint to allege such negligence and/or responsibility when the
6  same shall have been ascertained.

7       3.  Plaintiff is informed and believes, and thereon alleges,
8  that at all times material herein each of the defendants was the
9  agent, employee and/or joint venturer of his co-defendants and was
10  acting within the course and scope of such agency, employment
11  and/or joint venture.

12       4. On or about April 9, 2008, May 15, 2008, and May 22,
13  2008, and at all times herein material, defendants and each of
14  them, as part of a continuous course of conduct, owned, operated,
15  maintained, supervised, controlled and inspected the passenger
16  cruise vessel VISION OF THE SEAS ("vessel") which was, at all times
17  herein material, operating on navigable waters of the United
18  States.

19       5.  On or about the above-mentioned date, plaintiff was
20  employed by defendants as a seaman aboard said vessels and at all
21  times herein material was in the service of the vessel and in the
22  employ of defendants, and each of them, and was acting within the
23  scope, purpose and duties of such service and employment.

24       6.  On or about the above-mentioned date defendants, and
25  each of them, so negligently owned, operated, maintained, con-
26  trolled, supervised and inspected the vessel, its gear and equip-
27  ment and negligently provided plaintiff with defective and
28  unsafe equipment with which to work, so that he was caused to

                              2.

11/24/2008 18:10 FAX                                                  ☒006/013

1  sustain serious personal injuries.

2       7.  As a direct and proximate result of the incident alleged
3  herein plaintiff was hurt and injured in his health, strength and
4  activity, sustaining severe injury to his body and shock and injury
5  to his nervous system and person, all of which injuries have caused
6  and continue to cause great physical and emotional pain and suffer-
7  ing.  Plaintiff is informed and believes, and thereupon alleges
8  that some or all of said injuries will result in permanent damage,
9  disability, impaired earning capacity, pain and suffering, causing
10 general damages in an amount within the jurisdictional requirements
11 of this Court.

12      8.  As a direct and proximate result of the incident herein
13 alleged, it was and continues to be necessary for plaintiff to
14 receive medical care and treatment and will be so necessary for an
15 indefinite time in the future.  The cost of the medical care and
16 treatment is not known at this time and

17 plaintiff alleges as damages herein the amount of such cost accord-
18 ing to proof at trial.

19      9.  As a direct and proximate result of the incident alleged
20 herein plaintiff was prevented from attending to his usual occupa-
21 tion for a period of time and is informed and believes that he will
22 continue to be so prevented for an indefinite time in the future
23 thereby resulting in a loss of earnings to plaintiff, the exact
24 amount of which is unknown at this time.  Plaintiff alleges as
25 damages herein the amount of the loss of earnings according to
26 proof at trial.

27  - - - -

28  - - - -

3.

Complaint for Damages for Personal Injuries

11/24/2008 18:10 FAX                                                                                    ☑ 007/013

1   - - - -

2              SECOND CAUSE OF ACTION FOR UNSEAWORTHINESS

3              BY PLAINTIFF AGAINST DEFENDANTS, AND EACH OF THEM

4       10.  Plaintiff incorporates by reference each and every

5   allegation of paragraphs 1-5 and 7-9 of the First Cause of Action

6   as if fully set forth herein.

7       11.  On or about the aforesaid date, the  vessel was unsea-

8   worthy in ownership, operation, maintenance, supervision, control,

9   equipment, gear, inspection and work method and in the absence of a

10  safe place thereon in and about which for plaintiff to work, so as

11  to cause the injuries hereinafter alleged.

12

13            THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE

14            BY PLAINTIFF AGAINST DEFENDANTS, AND EACH OF THEM

15      12.  Plaintiff incorporates by reference each and every

16  allegation of paragraphs 1-4 of the First Cause of Action as if

17  fully set forth herein.

18      13.  As a proximate result of the said injuries sustained by

19  plaintiff, and without regard to the question of liability or

20  negligence on the part of defendant, the defendant became obligated

21  to provide plaintiff with proper medical care and attention and

22  with the means with which to sustain and maintain himself while

23  receiving medical care and attention and while unable to resume his

24  normal duties, commencing on the date of the accident alleged

25  herein and continuing thereafter until plaintiff shall have been

26  cured.

27      WHEREFORE, plaintiff prays for damage against defendants, and

28  each of them, as follows:
                                    4.

          Complaint for Damages for Personal Injuries

11/24/2008 18:11 FAX                                                      ☒ 008/013

1          1.  For general damages according to proof;

2          2.  For medical expenses, past and future, according to

3   proof;

4          3.  For loss of earnings, past and future, according to

5   proof;

6          4.  For maintenance and cure according to proof;

7          5.  For reasonable attorney's fees to recover maintenance and

8   cure;

9          6.  For costs of suit;

10         7.  Plaintiff requests a trial by jury; and

11         8.  For such other relief as the Court may deem proper.

12

13                               HOWARD D. SACKS
14                               Attorney for Plaintiff

15

16

17                          DEMAND FOR JURY

18

19         TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20         PLEASE TAKE NOTICE THAT PLAINTIFF REQUESTS A TRIAL BY JURY OF

21   THE ISSUES OF THE ABOVE-ENTITLED ACTION.

22

23                               HOWARD D. SACKS
24                               Attorney for Plaintiff

25

26

27

28
                                    5.

                    Complaint for Damages for Personal Injuries

EXHIBIT B

11/24/2008 18:10 FAX ☑ 003/013

# SUMMONS
## (CITACION JUDICIAL)

ORIGINAL COPY

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ROYAL CARIBBEAN CRUISES, LTD., a corporation, and DOES
1-30, inclusive.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 1 9 2008

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LUIS A. FIQUARE

John A. Clarke Executive Officer/Clerk

By_____
DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT, COUNTY OF LOS ANGELES
415 W. OCEAN BLVD.

Long Beach, CA 90802-4591
SOUTH DISTRICT

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
HOWARD D. SACKS (SB#41768)        310-631-5898
ATTORNEY AT LAW
839 S. BEACON STREET
San Pedro, CA 90731

DATE: NOV 1 9 2008  John A. Clarke    Clerk, by _____, Deputy
*(Fecha)*                              *(Secretario)*        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): ROYAL CARIBBEAN CRUISES, LTD.

under: [X] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT C

1   **KAYE, ROSE & PARTNERS, LLP**
    Anita M. Eilert (SBN 133639)
2   William D. Carey (SBN 204990)
    402 West Broadway, Suite 1300
3   San Diego, CA 92101-3542
    Tel: (619) 232-6555
4   Fax: (619) 232-6577

5   Attorneys for Defendant
    ROYAL CARIBBEAN CRUISES, LTD.

6

7

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**JAN 22 2009**

John A. Clarke, Executive Officer/Clerk

By_____, Deputy

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF LOS ANGELES

10

11   LUIS A. FIQUARE,                          ) **Case No. NC 052130**
                                               ) Complaint Filed: 11/19/08
12                    Plaintiff,               )
                                               ) **DEFENDANT ROYAL CARIBBEAN**
13          vs.                                ) **CRUISES, LTD.'S AMENDED**
                                               ) **ANSWER TO PLAINTIFF'S**
14   ROYAL CARIBBEAN CRUISES, LTD., a          ) **UNVERIFIED COMPLAINT**
     corporation, and DOES 1-30, inclusive     )
15                                             ) JUDGE:  Hon. Patrick T. Madden
                                               ) Dept.      B
16                    Defendants.              )

17

18          COMES NOW defendant ROYAL CARIBBEAN CRUISES, LTD. ("RCCL") for itself and no

19   other defendants, hereby submits its Amended Answer to plaintiff's Unverified Complaint as follows:

20          1.      RCCL answers the Unverified Complaint pursuant to California Code of Civil

21   Procedure § 431.30, denying both generally and specifically each, every and all of the allegations

22   contained in said Unverified Complaint and every part thereof, including each and every cause of

23   action purportedly contained therein.

24          2.      RCCL further answers the Unverified Complaint on file herein and each and every

25   purported cause of action contained therein by denying that plaintiff has sustained, or will sustain, any

26   damages in any sum or sums alleged, or any other sum or sums whatsoever.

27   ///

28   ///

[L:\FIQUARE\Pleadings\Amended Answer 002.wpd]
                                          -1-
                        Amended Answer to Plaintiff's Unverified Complaint        Case No. NC052130

1    3.    RCCL further specifically denies that plaintiff has been injured and/or damaged in
2  the amounts therein alleged, or in any amount, or at all, by any act or omission on the part of this
3  answering Defendant and/or those for whom this Defendant is legally responsible.

4    4.    By setting forth the following affirmative defenses, RCCL does not assume the burden of
5  proving any fact, issue, or element of a cause of action where such burden properly belongs with
6  plaintiff. Moreover, nothing stated herein is intend to be construed as an acknowledgment that any
7  particular issue or subject matter is relevant to plaintiff's allegations. Plaintiff has failed to state the
8  causes of action alleged in the Unverified Complaint with sufficient particularity to permit RCCL to
9  discern and raise all appropriate defenses, and RCCL therefore reserves the right to amend or
10  supplement this Amended Answer with additional defenses upon particularization of the claims by
11  plaintiff, or upon further discovery concerning these claims.

12                              **AFFIRMATIVE DEFENSES**

13              FIRST AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

14    1.    As a first affirmative defense to the Unverified Complaint and each of its causes of
15  action, RCCL contends that any injury or damages allegedly sustained by plaintiff were caused, in
16  whole or in part, by plaintiff's own failure to exercise reasonable care.

17              SECOND AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

18    2.    As and for a second, separate and affirmative defense to the Complaint and each of its
19  purported causes of action, RCCL alleges that plaintiff did not exercise ordinary care, caution, or
20  prudence for his welfare to avoid the happening of the alleged incident, injury or damages, if any, and
21  by his own failure to do so, thereby directly and proximately caused and/or contributed to the happening
22  of said alleged injuries, losses and damages, if any. If RCCL is liable to plaintiff for damages herein,
23  which RCCL denies, plaintiff's damages must be reduced by the amount attributable to plaintiff's
24  comparative or relative fault herein.

25  ///
26  ///
27  ///
28  ///

[L:\FIQUARE\Pleadings\Amended Answer 002.wpd]                    -2-

### THIRD AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

3.    As and for a third, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges that plaintiff's Unverified Complaint and each purported cause of action therein fails to state facts sufficient to constitute a cause of action against RCCL.

### FOURTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

4.    As and for a fourth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges that plaintiff failed to reasonably and seasonably exercise care and diligence to avoid loss and to minimize damages and, therefore, plaintiff may not recover for the losses, if any, which could have been prevented. Therefore, plaintiff's recovery, if any, should be reduced by plaintiff's failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

5.    As and for a fifth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges that the damages allegedly sustained by plaintiff were not caused by any act or omission to act on the part of RCCL or its employees or representatives.

### SIXTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

6.    As and for a sixth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL is informed and believes and thereon alleges that it is not legally responsible in any fashion with respect to damages and injuries claimed by the plaintiff in the Unverified Complaint; however, if RCCL is subject to any liability to plaintiff, it will be due in whole or in part to the breach of warranty, acts, omissions, activities, carelessness, recklessness and negligence of others; wherefore, any recovery obtained by plaintiff against RCCL should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law or comparative liability; the liability of plaintiff, if any, is limited in direct proportion to the percentage of fault actually attributable to plaintiff.

///

///

## SEVENTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

7.   As and for a seventh, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges that if plaintiff sustained damages as a result of an accident, said damages and accident were solely caused by plaintiff having freely chosen a work method he could not reasonably think open to him when safer alternative methods were available to him.

## EIGHTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

8.   As and for an eighth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges it was plaintiff's primary duty to correct and prevent the condition of which he complains and his damages and injury, if any, sustained by plaintiff was a consequence of and directly and proximately caused by plaintiff's failure to perform his primary duty.

## NINTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

9.   As and for a ninth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges that the proximate cause of plaintiff's alleged injuries was plaintiff's own derogation of his duties as set forth under plaintiff's employment contract, if any.

## TENTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

10.   As and for a tenth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges plaintiff's entitlement to maintenance and cure and wages, if any, is governed by the terms of plaintiff's employment contract with his employer, if any.

## ELEVENTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

11.   As and for an eleventh, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges that the injuries and/or damages, if any, referred to in the Unverified Complaint, which are specifically denied, pre-exist the incident alleged in the Unverified Complaint, in whole or in part, and plaintiff cannot recover damages for his pre-existing condition from RCCL.

///

///

## TWELFTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

12. As and for a twelfth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges plaintiff's injuries and/or damages, if any, were caused entirely or in part by his own willful misconduct or intentional conduct, and RCCL is not liable in damages or maintenance and cure or both as a result of such conduct or misconduct.

## THIRTEENTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

13. As and for a thirteenth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges, without admitting any duty owed to plaintiff, that at all relevant times, RCCL exercised due diligence and reasonable care.

## FOURTEENTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

14. As and for a fourteenth separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges on information and belief at the time during which plaintiff was employed as a crewmember of M/V VISION OF THE SEAS, he represented and warranted that he was and would continue to be competent and physically able to perform the duties required of him on said vessel, and that he would truly and in good faith perform any and all duties in the capacity in which he was employed; that the operator and master of said vessel relied on said representation and warranty on plaintiff's part, but that said representation and warranty was not true, and that, to the contrary, plaintiff was not competent or able to perform the duties aforesaid; that said injuries to plaintiff, if any, were caused proximately and solely by the fact that plaintiff was not competent and that the same did constitute a breach on plaintiff's part of said representation and warranty.

## FIFTEENTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

15. As and for a fifteenth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges on information and belief that plaintiff concealed his injury or illness from RCCL prior to employment on M/V VISION OF THE SEAS, and therefore is not entitled to payment for maintenance and cure benefits or other damages or both, for his present injuries or illnesses which are a proximate result of his pre-existing disability.

///

## SIXTEENTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

16.     As and for a sixteenth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges plaintiff failed to timely comply with his obligations to provide RCCL with reasonable proof, documentation, and medical reports pertaining to his alleged illnesses or injuries and, based upon his, *inter alia,* failure to provide such documentation, plaintiff has failed to perform conditions precedent in the payment of maintenance and cure benefits.

## SEVENTEENTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

17.     As and for a seventeenth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL claims the benefit of each and every provision of §§ 30501, *et seq.*, Title 46 of the United States Code, more commonly referred to as the "Limitation of Liability Act."

## EIGHTEENTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

18.     As and for an eighteenth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges that all maintenance, cure and wages properly due and owing to plaintiff, if any, have been paid, and any and all allegations of plaintiff regarding attorney's fees and interest for willfully withholding maintenance and cure payments and wages are completely without merit and intended to harass and wrongfully extort additional payments from RCCL, and therefore plaintiff is in breach of the covenant of good faith and fair dealing implied in the employment contract and Collective Bargaining Agreement.

## NINETEENTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

19.     As and for a nineteenth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges that all maintenance and cure payments and wages properly due and owing to plaintiff, if any, have been timely paid; therefore plaintiff is not entitled to attorney fees and costs.  In the event plaintiff obtains a verdict or judgment awarding damages for maintenance, cure and/or wages, RCCL is entitled *inter alia,* to an offset.

## TWENTIETH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

20.     As and for a twentieth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges if plaintiff sustained damages as a result of the

1  matters alleged in the Unverified Complaint, then said damages were caused in whole or in part by his
2  own negligence and fault and were not caused or contributed to in any manner by any negligence or
3  fault of defendant, its officers, vessels, agents, crew, servants, employees or others for whom it is
4  responsible, nor by the unseaworthiness of any vessel.

5  ### TWENTY-FIRST AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

6      21.    As and for a twenty-first, separate and affirmative defense to the Unverified Complaint
7  and each of its purported causes of action, RCCL alleges on information and belief plaintiff failed to
8  make himself available to RCCL's physician for evaluation of his claim for maintenance and cure
9  benefits and thus plaintiff's injuries and/or damages, if any, were caused entirely or in part by his own
10 conduct or misconduct and RCCL is not liable in damages or maintenance and cure or both as a result
11 of such conduct or misconduct.

12 ### TWENTY-SECOND AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

13     22.    As and for the twenty-second, separate and affirmative defense to the Unverified
14 Complaint and each of its purported causes of action, RCCL alleges that plaintiff has waived any claims
15 to damages alleged in his Unverified Complaint.

16 ### TWENTY-THIRD AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

17     23.    As and for the twenty-third, separate and affirmative defense to the Unverified
18 Complaint and each of its purported causes of action, RCCL alleges because of the conduct, acts and
19 omissions of plaintiff, he is estopped from claiming damages alleged in the Unverified Complaint.

20 ### TWENTY-FOURTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

21     24.    As and for the twenty-fourth, separate and affirmative defense to the Unverified
22 Complaint and each of its purported causes of action, RCCL alleges that any injury, damage or loss was
23 sustained by and solely caused by and attributable to the unreasonable, unforeseeable and totally
24 inappropriate purpose and improper use made by plaintiff of the equipment alleged in the Unverified
25 Complaint.

26 ///
27 ///
28 ///

1     TWENTY-FIFTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

2         25.   As and for the twenty-fifth, separate and affirmative defense, RCCL alleges that

3 plaintiff's Unverified Complaint and each claim therein are barred or reduced by plaintiff's assumption

4 of the risk.

5     TWENTY-SIXTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

6         26.   As and for the twenty-sixth, separate and affirmative defense to the Unverified

7 Complaint and each of its purported causes of action, RCCL alleges that plaintiff is barred from

8 recovery in this suit for maintenance and/or cure and/or wages in that plaintiff was uncooperative and

9 inexcusably and unreasonably delayed in providing defendant with notice and/or information

10 concerning his alleged incident, disability and employment, which lack of cooperation and/or delay has

11 caused substantial prejudice to defendant.

12     TWENTY-SEVENTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

13         27.   As and for the twenty-seventh, separate and affirmative defense, RCCL alleges

14 plaintiff's employment is governed by a Collective Bargaining Agreement, which requires this

15 action to be resolved by arbitration pursuant to the Convention on the Recognition and Enforcement

16 of Foreign Arbitral Awards, 9 USC § 201 *et seq.*, at a designated forum, and plaintiff filed this

17 action in the wrong forum in violation of such contractual agreement to arbitrate his claims.

18     TWENTY-EIGHTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

19         28.   As and for the twenty-eight, separate and affirmative defense to the Unverified

20 Complaint and each of its purported causes of action, RCCL alleges that each of the causes of action

21 asserted therein is barred by the doctrine of laches and/or the applicable statutes of limitation.

22     TWENTY-NINTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

23         29.   As and for the twenty-ninth, separate and affirmative defense to the Unverified

24 Complaint and each of its purported causes of action, RCCL alleges that plaintiff's employment aboard

25 RCCL's cruise ship was subject to the terms and conditions of plaintiff's employment contract and

26 Collective Bargaining Agreement, if any, and RCCL's liability, if any, will be subject to the terms

27 thereof.

28   ///

1    THIRTIETH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

2         30.    As and for the thirtieth, separate and affirmative defense to the Unverified Complaint

3    and each of its purported causes of action, RCCL alleges that it has fully performed any and all

4    obligations owed by it under the employment contract, if any.

5    THIRTY-FIRST AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

6         31.    As for a thirty-first, separate and affirmative defense to the Unverified Complaint and

7    each of its purported causes of action, RCCL alleges that if RCCL is found liable to plaintiff for

8    damages herein, which RCCL denies, then the measure of damages must be limited to the amount that

9    was foreseeable and within the contemplation of the parties at the time the alleged agreements, if any,

10   were entered into.

11   THIRTY-SECOND AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

12        32.    As for a thirty-second, separate and affirmative defense to the Unverified Complaint and

13   each of its purported causes of action, RCCL alleges plaintiff filed in an improper venue.

14   THIRTY-THIRD AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

15        33.    As and for a thirty-third, separate and affirmative defense to the Unverified Complaint

16   and each of its purported causes of action,  RCCL alleges on information and belief if plaintiff sustained

17   damages as a result of an incident, said incident was solely caused by plaintiff having freely engaged in

18   actions contrary to terms of his employment.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

THIRTY-FOURTH AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT

34.     As a thirty-fourth, separate and affirmative defense to the Unverified Complaint and each of its purported causes of action, RCCL alleges that punitive damages are not available against RCCL.

WHEREFORE, RCCL prays that plaintiff take nothing by his Unverified Complaint, that the Unverified Complaint be dismissed with prejudice, and that RCCL recover its costs of suit herein, including legal fees, and such other and further relief as the Court deems just and proper.

Dated: January 21, 2009                    KAYE, ROSE & PARTNERS, LLP

                                           By: _____
                                               Anita M. Eilert
                                               William D. Carey
                                               Attorneys for Defendant
                                               ROYAL CARIBBEAN CRUISES, LTD.